**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FRED O. ILEGBODU, et al.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Case No. 3:17-CV-0701-L-BK** |
| | § | |
| **SPECIALIZED LOAN SERV., LLC,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Order of Reference*, Doc. 48, this cause is before the Court for findings of fact and a recommendation regarding the disposition of Plaintiffs' *Motion to Dismiss Defendant's Amended Counterclaims*. Doc. 44. For the reasons that follow, Plaintiffs' motion should be **GRANTED**.

**A. Procedural History**

This case arises out of a dispute involving Plaintiffs' property in Garland, Texas (the "Property"). In March 2017, Plaintiffs filed this action, asserting that Defendant, its home loan servicer, had violated the Real Estate Settlement Procedures Act, the Fair Credit Reporting Act, Texas Finance Code § 392.001, *et seq*., invaded their privacy, and breached the parties' contract. Doc. 1 at 1, 13-19. Plaintiffs seek an award of monetary damages and attorneys' fees and costs. Doc. 1 at 19-20. Defendant answered and counterclaimed for attorneys' fees and costs pursuant to the terms of the Note and Deed of Trust securing the Property, and noted that Plaintiffs' pleadings violated Texas Civil Practice and Remedies Code §§ 9.011 *et seq*., and §§ 10.001 *et seq*. because they were frivolous.

Plaintiffs moved to dismiss the counterclaim, asserting that the state-law based counterclaims were not cognizable in federal court. Doc. 17 at 2-3. Defendant thereafter filed

the amended answer and the counterclaim now at issue, omitting any reference to state law and reiterating its entitlement to recover attorneys' fees and costs based on the terms of the Note and Deed of Trust. Doc. 35 at 12. Plaintiffs now move to dismiss the amended counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 44.

## B. Applicable Law

A party fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint – or counterclaim in this case − does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim for relief should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). In determining a motion under Rule 12(b)(6), a court may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

## C. Arguments

Plaintiffs assert that Defendant's counterclaim for fees and costs should be dismissed because Defendant has not pled sufficient facts to put Plaintiffs on notice of the nature of the counterclaim. Doc. 44 at 2. Specifically, Plaintiffs argue that Defendant's counterclaim is insufficient because it alleges only the existence of the Note and Deed of Trust, but does not also allege its performance or identify any purported breach of contract or its resulting damages. Doc. 44 at 2. Plaintiffs conclude that Defendant should not be permitted to amend its counterclaim because doing so would be futile. In support, Plaintiffs argue that (1) the Note does not allow

recovery for attorneys' fees since Defendant is not suing to enforce that instrument; and (2) the Deed of Trust does not permit an award of fees because Defendant is not protecting either its interest in the Property or its rights under that instrument since Plaintiffs are solely seeking monetary damages, not negation of the security instrument. Doc. 44 at 3.

Defendant responds that the Note and Deed of Trust clearly entitle it to fees if it prevails in the case, and Plaintiffs have been on notice of this right since they executed the documents in 2006. Doc. 51 at 4-5. Additionally, Defendant avers that it previously directed Plaintiffs to the specific section of the Deed of Trust that permits fee recovery, namely Paragraph Nine of the Deed of Trust. Doc. 51 at 5-6. Finally, Defendant asserts that Plaintiffs initiated this legal proceeding, which may significantly affect its interest in the Property or rights under the Deed of Trust because they are alleging that Defendant incorrectly applied their payments and seek damages related to the mortgage on the Property and the contested issue of the application of payments. Doc. 51 at 7-8 (citing *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1038 (5th Cir. 2014) and *In re Velazquez*, 660 F.3d 893, 899-900 (5th Cir. 2011) (per curiam)).

Plaintiffs reply, in relevant part, that *Richardson* and *Velazquez* are distinguishable because, in those cases, the borrowers were not solely seeking monetary damages but instead had filed actions that directly challenged the lender's rights to the properties. Doc. 55 at 2-3.

## D. Analysis

Paragraph Nine of the Deed of Trust ("Paragraph Nine"), upon which Defendant relies, provides that:

> If . . . there is a *legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument* (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien . . . or to enforce laws or regulations) . . ., then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including . . . (c) paying

3

reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, . . . [and a]ny amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.

Doc. 46 at 16-17[1] (emphasis supplied).

Texas state law governs the interpretation of the Note and Deed of Trust. Under Texas law, a deed of trust is interpreted using the same rules as those applied to contracts. *Sturges v. Suntrust Mortg., Inc.*, 539 Fed. App'x 580, 582 (5th Cir. 2013) (per curiam) (citing *Fin. Freedom Senior Funding Corp. v. Horrocks*, 294 S.W.3d 749, 753 (Tex. App.—Houston [14th Dist.] 2009)). "The primary concern of a court in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995) (citation omitted).

In a case involving the identical italicized language in Paragraph Nine, a judge of this Court concluded that the defendant noteholder was not entitled to recover attorneys' fees and costs because the plaintiff borrowers had only sued the lender for monetary damages, and did not seek rescission or alteration of the security instruments or even the right to reduced mortgage payments. *James v. Wells Fargo Bank, N.A.*, No. 12-CV-042-C, 2012 WL 13028546 at *2-3 (N.D. Tex. Sept. 5, 2012) (Cummings, J.). Similarly, in *Myart v. Glosson*, the district court declined to award the lender attorneys' fees under a virtually identical fee provision in the deed of trust, because the plaintiff's suit was for monetary damages based on predatory lending, fraud,

---

[1] While Defendant also argues that it may be reimbursed for attorneys' fees and costs under the terms of the Note, it does not cite to any particular section of the Note, and the Court was unable to ascertain any applicable provision. *See* Doc. 46 at 3-9. Accordingly, Plaintiffs' motion to dismiss that portion of Defendant's counterclaim should be **GRANTED**. Additionally, because the Court concludes that Defendant is not entitled to recover its attorneys' fees in this case based on the language in the Deed of Trust, as discussed *infra*, the Court need not reach the preliminary question of whether Plaintiffs were on notice that they may be held liable for such fees.

and "other causes of action outside the foreclosure context." No. SA-14-CV-831-XR, 2015 WL 4395165, at *4-5 (W.D. Tex. July 16, 2015) (collecting contrary cases and distinguishing them because they were foreclosure-type proceedings).

The cases on which Defendant relies are distinguishable, even though the deeds of trust in those cases contained virtually identical language as that used in Paragraph Nine. Specifically, in *Richardson*, in addition to damages, the borrower sought rescission of the foreclosure sale and an injunction halting eviction efforts. 740 F.3d at 1037-38. This obviously placed the bank's interest in the property directly at issue, and the court concluded that attorneys' fees were recoverable. *Id.* at 1038. Similarly, in *Velazquez*, the borrower placed the bank's interest in the property directly at issue by filing for bankruptcy, which the court noted "could significantly affect [the bank's] rights under the Deed of Trust." 660 F.3d at 899. Moreover, bankruptcy was specifically listed in the deed of trust as an action that would trigger the lender's entitlement to attorneys' fees. *Id.* at 899.

Other judges of this Court have reached the same conclusion as did the courts in *Richardson* and *Velasquez*, finding that fees were recoverable because the proceedings involved foreclosures, which could "significantly affect the lender's rights in the property." *See Parker v. U.S. Bank Nat. Ass'n*, No. 12-CV-4297-L, 2014 WL 2883919, at *5 (N.D. Tex. Jan. 27, 2014) (Toliver, J.) (holding that, where borrower was attempting to avoid foreclosure, lender was entitled to recover attorneys' fees because the proceedings "significantly affected" the lender's interest in the property as specified in the deed of trust), *adopted by* 2014 WL 2883919 (June 25, 2014) (Lindsay, J.); *Williams v. Wells Fargo Bank, N.A.*, No. 11-CV-1253-O, 2013 WL 12099964, at *1-2 (N.D. Tex. Jan. 30, 2013) (O'Connor, J.) (same where borrowers sued for wrongful foreclosure, quiet title, declaratory judgment, and related claims). However, those

circumstances are not present here.  Thus, in consideration of the parties' arguments and the case law discussed above, the Court concludes that Defendant cannot recover attorneys' fees from Plaintiffs on the bases they have alleged.  As such, Plaintiffs' *Motion to Dismiss Defendant's Amended Counterclaims* should be **GRANTED**.

### E.  Leave to Amend

Ordinarily, a party should be granted leave to amend their complaint prior to dismissal.  However, Defendant already has amended its counterclaim once and, as discussed above, cannot succeed on the claim as a matter of law.  Allowing Defendant leave to amend its counterclaim again would be futile, cause needless delay, and waste the Court's resources.  Thus, dismissal of Defendant's counterclaim with prejudice is warranted.  *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (per curiam) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

### F.  Conclusion

For the foregoing reasons, Plaintiffs' *Motion to Dismiss Defendant's Amended Counterclaims*, Doc. 44, should be **GRANTED** and Defendant's counterclaim **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 23, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE