IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FRED O. ILEGBODU and** <br> **CHARLESETTA P. ILEGBODU,** <br><br> Plaintiffs, <br><br> v. <br><br> **SPECIALIZED LOAN** <br> **SERVICING, LLC,** <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. **3:17-CV-701-L** |

## ORDER

Before the court is Plaintiffs' Motion to Dismiss Defendant's Amended Counterclaim (Doc. 44), filed August 16, 2017. The motion was referred to United States Magistrate Judge Renée Harris Toliver, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on January 23, 2018, recommending that the court grant Plaintiffs' Motion to Dismiss Defendant's Amended Counterclaim for attorney's fees and deny Defendant's request to amend its pleadings on futility grounds. Defendant filed objections to the Report. No response to the objections was filed by Plaintiffs within the time permitted.

After considering the motion, briefs, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court **sustains** Defendant's objections and **rejects** the Report. Plaintiffs contend in their motion to dismiss that Defendant's counterclaim for attorney's fees and costs is not sufficiently pleaded because Defendant alleges only the existence of the Note and Deed of Trust as a basis for the fees and costs sought but does not allege that Plaintiffs breached the Note or Deed of Trust or otherwise failed to perform, and does not allege any damages resulting from any breach of contract by Plaintiffs. The

parties' briefs, Report, and Defendant's objections focus on paragraph 9 of the Deed of Trust and whether it permits Defendant to recover attorney's fees.

Defendant contends in its objections that the Report fails to consider the first pertinent section of paragraph 9, which, according to Defendant, permits it to recover attorney's fees upon Plaintiffs' default. Defendant contends that Plaintiffs breached the Note and Deed of Trust by failing to make payments timely in accordance with the Note and Deed of Trust. Defendant contends that it is, therefore, entitled to recover attorney's fees and costs under paragraph 9 of the Deed of Trust, which permits recovery of attorney's fees incurred by the lender in protecting its right to collect payments and interest in the real property at issue if Plaintiffs fail to perform their obligations under the Deed of Trust. Defendant contends that the cases relied on by the magistrate judge that deal with the same language as paragraph 9 are distinguishable because they focus on the latter part of paragraph 9 and, unlike this case, did not involve allegations that the plaintiff failed to perform their obligation to pay under the Note and Deed of Trust.

The court agrees that paragraph 9 of the Deed of Trust entitles Defendant to recover its attorney's fees if it is able to ultimately prove that Plaintiffs as Borrowers failed to perform as required under the Deed of Trust. Specifically, paragraph 9 states in full as follows:

> **9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument**.
>
> If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), *or* (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting

> and/or assessing the value of the Property, and securing and/or repairing the property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; <u>(b) appearing in court; and (c) paying reasonable attorney's fees to protect its interests in the Property and/or rights under this Security Instrument</u>.

Pls.' App. 16-17 (Doc. 46) (emphasis added). This paragraph sets forth three scenarios in which the lender is entitled to incur and recover attorney's fees and other costs. Under subsection (a), the lender is entitled to incur reasonable attorney's fees in protecting its interests in the property and rights under the Deed of Trust if the borrower fails to perform as required under the Deed of Trust, which incorporates the Note. Paragraph 14 of the Deed of Trust similarly allows the lender to charge and recover fees, including attorney's fees, incurred in connection with the borrower's default. Additionally, paragraph 19 of the Deed of Trust provides that, even if the borrower meets certain conditions and is allowed to reinstate the security instrument after default, the borrower must pay all amounts due under the security instrument and Note, including attorney's fees and expenses incurred by the lender in enforcing the Deed of Trust.

Defendant alleges that Plaintiffs defaulted under the Note and Deed of Trust and brought this groundless action to delay Defendant's right to foreclose on the property at issue. Defendant alleges that, under these circumstances, the Note and Deed of Trust permit it to recover attorney's fees and other costs from Plaintiffs. As Defendant alleges that the parties have an agreement(s); that Plaintiffs defaulted under the agreement(s), which is simply another way of saying that Plaintiffs breached the agreement(s); and the agreement(s) permit Defendant to recover the fees and costs requested, the court determines that the counterclaim as pleaded is sufficient at this juncture to state a claim upon which relief can be granted. Accordingly, the court **denies** Plaintiffs' Motion to Dismiss Defendant's Amended Counterclaim (Doc. 44).

**It is so ordered** this 21st day of February, 2018.

Sam A. Lindsay
United States District Judge